IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
RACHEL TYLER,                    )
                                 )
          Plaintiff,             )         4:07CV3132
                                 )
     v.                          )
                                 )
DEBRA F. NIGHTENGALE and         )         MEMORANDUM AND ORDER
UNITED SERVICES AUTOMOBILE       )
ASSOCIATION,                     )
                                 )
          Defendants.            )
_____)
```

This matter is before the Court on defendant United Services Automobile Association's ("USAA") motion to dismiss, filed on August 6, 2007 (Filing No. 11).  Pursuant to NECivR 7.1(b)(1)(B), plaintiff had 20 days, or until August 27, 2007, in which to file a brief opposing USAA's motion.  Plaintiff has not done so.  This matter is therefore deemed fully submitted.

Also pending before the Court is defendant Debra Nightengale's ("Nightengale") motion to dismiss, filed on October 5, 2007 (Filing No. 16).  Plaintiff had until October 25, 2007, in which to file a brief opposing Nightengale's motion.  Again, plaintiff has not opposed the motion and it is deemed fully submitted.

**I.   USAA'S MOTION TO DISMISS.**

    **A.   Background**

Plaintiff filed her complaint in this matter on May 21, 2007 (Filing No. 1).  The complaint is titled "Diversity Action,"

and alleges that plaintiff is a resident of Nebraska and that USAA is a resident of Texas (*Id.* at ¶ 1). Plaintiff refers to USAA as defendant Nightengale's "surety." Plaintiff's claims generally relate to a car accident which occurred on June 12, 2005, resulting in injuries to plaintiff. (*Id.* at ¶ 3.) For these injuries, plaintiff seeks damages in the amount of $850,000.00. (*Id.*)

USAA moved to dismiss the claims against it on the basis that this Court does not have subject matter jurisdiction (Filing No. 11 at ¶¶ 6-8). USAA also argues that the complaint fails to state a claim upon which relief can be granted because, as the liability insurer, it cannot be held liable for the actions of an "alleged tortfeasor" under Nebraska state law. (*Id.* at ¶¶ 3-5.)

### B. Legal Analysis

#### 1. Subject Matter Jurisdiction.

As set forth by the Federal Rules of Civil Procedure, "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. Pro. 12(h)(3). Subject matter jurisdiction is proper where a plaintiff asserts a "non-frivolous claim of a right or remedy under a federal statute," commonly referred to as "federal question" jurisdiction. *Northwest South Dakota Prod. Credit Ass'n v.*

-2-

*Smith*, 784 F.2d 323, 325 (8th Cir. 1986).  In addition, subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction. For purposes of 28 U.S.C. § 1332, "diversity of citizenship" means that "the citizenship of each plaintiff is different from the citizenship of each defendant."  *Ryan v. Schneider Natl. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001).  In addition, the amount in controversy must be greater than $75,000.00 for diversity of citizenship jurisdiction.  28 U.S.C. § 1332(a).

For purposes of determining diversity of citizenship jurisdiction, a corporation's citizenship is the state of its principal place of business and its state of incorporation.  *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 828 (8th Cir. 2004).  However, "diversity jurisdiction in a suit by or against an unincorporated entity depends on the citizenship of all the members" of that entity.  *Id.* (citations omitted).  At least one district court has faced a similar situation as is present here.  In that situation, the Court held that where an entity is a "reciprocal insurance exchange composed of a number of members acting as an unincorporated association," the entity "will not be given a fictional citizenship, but rather the citizenship of each of its members."  *Truck Ins. Exch. v. Dow Chem. Co.*, 331 F. Supp. 323, 324-25 (W.D. Mo. 1971).

Plaintiff asserts that she brings her claims as a "28 USC S. 1332 Diversity Action" and that she is a resident of Nebraska and USAA is a resident of Texas (Filing No. 1). Plaintiff seeks damages far exceeding the $75,000.00 jurisdictional requirement. (*Id.*) In support of its motion to dismiss, USAA states that it is an unincorporated association with members who are citizens of Nebraska (Filing No. 1, Attach. 1 at 2).

As set forth in the affidavit of USAA's Southwest Region Counsel, John R. Hall, USAA is a "reciprocal interinsurance exchange" and "is not a corporation but operates as an unincorporated association." (Filing No. 13 at ¶ 2.) Further, Mr. Hall submits that USAA has "approximately 10,202 members who are citizens of and reside in Nebraska." (*Id.* at ¶ 3.) Plaintiff has submitted nothing refuting these facts. As set forth above, for purposes of diversity of citizenship jurisdiction, the citizenship of a reciprocal insurance exchange is that of each of its members. USAA is therefore a citizen of Nebraska through its over 10,000 members. Because both plaintiff and USAA are citizens of Nebraska, there can be no diversity of citizenship jurisdiction. USAA's motion to dismiss will be granted.

  **2. Failure to State a Claim Upon Which Relief Can Be Granted.**

  Defendant USAA also requests that this Court dismiss the claims against it because plaintiff cannot seek relief against a "tortfeasor's insurer." (Filing No. 11, Attach. 1 at 1.) USAA cites Nebraska state law in support of its position. Because the Court has no subject matter jurisdiction in this matter, it will not reach this issue of state law. However, the claims against USAA are dismissed without prejudice and USAA may raise these grounds for dismissal in the proper forum if necessary.

## II. NIGHTENGALE'S MOTION TO DISMISS.

  Defendant Nightengale filed a motion to dismiss on the basis that she was not served with summons and a copy of the complaint in accordance with Federal Rule of Civil Procedure 4 (Filing No. 16 at 1).

  Plaintiff has been granted leave to proceed in forma pauperis (Filing No. 4). Plaintiff was instructed to prepare the summons and USM-285 forms, and amended forms, for service on defendant Nightengale in accordance with this Court's orders (Filing Nos. 4 and 12). Plaintiff completed these forms in accordance with the court's orders. However, for reasons unknown to the Court, a copy of the complaint was not attached to the summons form at the time of service. In the Court's estimation,

a clerical error occurred in the United States Marshal's office prior to service. Due to this error, service was not proper.

The Court will permit plaintiff to resubmit one summons and one USM-285 form for service on defendant Nightengale. Defendant Nightengale's motion to dismiss will be denied in accordance with this memorandum and order. Accordingly,

IT IS ORDERED:

1. Defendant United Services Automobile Association's motion to dismiss (Filing No. 11) is granted. All claims against United Services Automobile Association are dismissed without prejudice.

2. Defendant Debra Nightengale's motion to dismiss (Filing No. 16) is denied.

3. The Clerk of the court is directed to send one summons form and one USM-285 form, along with a copy of this memorandum and order to plaintiff.

4. Plaintiff shall submit to the Clerk of the court one new summons and one new USM-285 form for service on defendant Debra F. Nightengale. Plaintiff shall follow the procedures set forth in the Court's June 4, 2007, memorandum and order (Filing No. 4) to submit these forms to the Clerk of the court.

5. Plaintiff shall have until January 31, 2008, in which to complete service of process on defendant Nightengale. Plaintiff is hereby notified that failure to obtain service on

defendant Nightengale on or before that date may result in dismissal of this matter as to Debra F. Nightengale without further notice to plaintiff.

      6.   The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: January 31, 2008:  deadline for service on defendant Debra F. Nightengale.

      DATED this 5th day of December, 2007.

                      BY THE COURT:

                      /s/ Lyle E. Strom
                      _____
                      LYLE E. STROM, Senior Judge
                      United States District Court