IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
RACHEL TYLER,                    )
                                 )
          Plaintiff,             )         4:07CV3132
                                 )
     v.                          )
                                 )
DEBRA F. NIGHTENGALE and         )         MEMORANDUM AND ORDER
UNITED SERVICES AUTOMOBILE       )
ASSOCIATION,                     )
                                 )
          Defendants.            )
_____)
```

This matter is before the Court on defendant Debra F. Nightengale's motion to dismiss and for sanctions (Filing No. 24.)  For the following reasons, defendant's motion will be granted in part.

## I.   BACKGROUND

On May 21, 2007, plaintiff Rachel Tyler, acting pro se, filed a complaint alleging that she suffered injuries in an automobile accident due to defendant's negligence (Filing No. 1.) The complaint also alleges that plaintiff is a resident of the State of Nebraska, that defendant is a resident of the State of Wisconsin, and that the accident has caused plaintiff to suffer $850,000.00 in damages.  (*Id.*)

On January 25, 2008, United States Magistrate Judge David L. Piester entered an Order Setting Schedule for Progression of Case (Filing No. 23.)  This order provides, *inter alia*, that all depositions were to be completed by April 4, 2008;

that motions to compel discovery were to be filed by April 4, 2008; and that the proposed Order on Final Pretrial Conference must be submitted to the Court by August 4, 2008. (*Id.* at CM/ECF pp. 1-2.)

On April 4, 2008, defendant filed her motion to dismiss and for sanctions (Filing No. 24.)  In her motion,[1] defendant states that on February 27, 2008, she served a Notice of Deposition on plaintiff by regular mail (*See id.* at CM/ECF p. 1 (citing Filing No. 25-2, Attach. 1)).  The Notice stated that plaintiff was to appear for her deposition at the Federal Building in Omaha, Nebraska, on March 21, 2008, at 3:00 p.m. (*Id.*; *see also* Filing No. 25-2, Attach. 1.)  Plaintiff, however, failed to appear for her deposition (*See* Filing No. 24 at CM/ECF p. 1 (citing Filing No. 25-3, Attach. 2)).  Defendant claims that plaintiff "made no effort to communicate with defense counsel at any time prior to her deposition."  (*Id.*; *see also* Filing No. 25-3, Attach. 2, at CM/ECF p. 4 ("Ms. Tyler has not contacted me since February 27th, either in writing or by telephone.").)  In addition, defendant states that "[t]his is not the first time that plaintiff has shown complete disregard for her discovery obligations."  (Filing No. 24 at CM/ECF pp. 1-2 (citing Filing No. 25-4, Attach. 3)).  More specifically, defendant states:

---

[1] Defendant's dotion is not accompanied by a separate brief as required by this Court's Local Rules.  *See* NECivR 7.1(a)(1)(A).

> [Plaintiff] and her father filed suit in state district court making identical claims against Debra Nightengale in the case of *Billy Tyler on Behalf of his Minor Daughter Rachel Rani Tyler v. Debra Nightengale, et al.*, District Court of Douglas County, Nebraska, Doc. 1071 Pg. 183. That case was dismissed in part because of plaintiff's discovery abuses, one of which was the failure of Rachel Tyler to appear for her deposition.

(*Id.* (citation omitted)).

Defendant argues that, due to plaintiff's failure to appear at her deposition, this case should be dismissed pursuant to Federal Rules of Civil Procedure 37(b)(2)(A)(v) and (d)(3). (Filing No. 24 at CM/ECF p. 1.) Moreover, defendant claims that she "should be awarded attorney fees and expenses for the cost of attendance by her attorney [at the scheduled deposition] on March 21, 2008." (*Id.* at CM/ECF p. 2.) Plaintiff has not responded to defendant's motion.

## *II.     ANALYSIS*

Federal Rule of Civil Procedure 37(d)(1)(A)(i) provides that a court may, on motion, order sanctions if a party "fails, after being served with proper notice, to appear for that person's deposition." Sanctions may include:

> (i)   directing that . . . designated facts be taken as established for the purposes of the action, as the prevailing party claims;

    (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

    (iii) striking pleadings in whole or in part;

    (iv) staying further proceedings until the order is obeyed;

    (v) dismissing the action or proceeding in whole or in part; [or]

    (vi) rendering a default judgment against the disobedient party . . . .

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi); *see also* Fed. R. Civ. P. 37(d)(3). "Instead of or in addition to these sanctions, the court must require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

    There is no indication that plaintiff's failure to appear was substantially justified; nor has the Court been made aware of circumstances that might make an award of expenses unjust. Therefore, defendant will be permitted to apply for the reasonable expenses and attorney's fees caused by plaintiff's failure to attend her deposition. Defendant shall have until July 3, 2008, to file her application, and plaintiff shall have until July 17, 2008 to file a response. Defendant's application

should conform to the applicable Federal Rules of Civil Procedure and the Court's Local Rules. *See, e.g.*, NECivR 54.3, 54.4.

It remains to be determined whether dismissal is an appropriate sanction in addition to an award of expenses and attorney's fees. On the one hand, plaintiff failed to appear at her deposition, and she has failed to respond to any of the motions to dismiss that have been filed in this case. (*See* Filing Nos. 11, 16, 19, 24.) Also, plaintiff failed to appear for her deposition in her state case -- though it seems that plaintiff was a minor during that litigation, and the notice of deposition was sent not to her, but to her father. (*See* Filing No. 25-4, Attach. 3, at CM/ECF pp. 1-2.) On the other hand, there is no indication that defendant attempted to contact plaintiff after she failed to appear at the deposition; nor does it appear that defendant attempted to reschedule the deposition. Defendant did not move to compel the plaintiff's attendance at a rescheduled deposition,[2] and defendant does not claim that plaintiff failed to participate in discovery in any other way (that is, apart from her failure to appear at her deposition). In essence, defendant argues that dismissal is warranted because plaintiff failed to appear at her deposition in this case and

---

[2] Defendant filed the instant motion on the date of the deadline for filing motions to compel discovery. (*See* Filing No. 23 at CM/ECF p. 1.)

because sanctions were imposed on plaintiff in a separate state case.

The Court finds that dismissal is too extreme a sanction based on little more than a failure to appear for a single, properly-noticed deposition. Nevertheless, there is reason to believe that plaintiff is not prosecuting (and does not intend to prosecute) this action diligently. Therefore, plaintiff will be ordered to show cause why her complaint should not be dismissed for failure to prosecute. *See* Fed. R. Civ. P. 41(b). *See also, e.g.,* Tettaton v. Midwest Med. Assoc., Inc., No. 4:06CV1704 TIA, 2008 WL 480184, at *1 (E.D. Mo. Feb. 19, 2008). Plaintiff shall have until July 3, 2008, to file a sworn statement explaining why this case should not be dismissed for failure to prosecute and describing the discovery that plaintiff has conducted to date, if any. Further proceedings in this case, with the exception of defendant's application for expenses and attorney fees, will be stayed until plaintiff satisfies the order to show cause, or until the deadline for her to do so passes. *See* Fed. R. Civ. P. 37(b)(2)(A)(iv). If plaintiff fails to respond to the order to show cause, this action will be dismissed without prejudice and without further notice. *See* Federal Rule of Civil Procedure 41(b); *Tettaton, 2008 WL 480184*, at *1-2.

IT IS ORDERED:

1) Defendant shall have until July 3, 2008, to file an application for attorney's fees and expenses caused by plaintiff's failure to attend her deposition, and plaintiff shall have until July 17, 2008, to file a response.

2) Plaintiff shall have until July 3, 2008, to show cause why this action should not be dismissed for failure to prosecute this matter diligently.

3) Further proceedings, with the exception of the resolution of any application for attorney's fees and expenses, shall be stayed until plaintiff shows cause why this action should not be dismissed or until the deadline for her to comply with the show cause order passes.

4) Defendant's motion to dismiss and for sanctions ([Filing No. 24)](Filing No. 24) is granted in part in accordance with this Memorandum and Order.

5) The clerk of the court is directed to set a pro se case management deadline in this matter with the following text: July 17, 2008:  check for response to show cause and application for fees and dismiss if none filed.

DATED this 24th day of June, 2008.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court